IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

THOMAS A. FREEMAN and
STACY FREEMAN, individually and
on behalf of all others similarly situated,

    PLAINTIFF,

vs.                              CASE NO. CV 01-J-453-NE

AOL TIME WARNER, INC.,
    DEFENDANT.



## MEMORANDUM OPINION

This being the day set for hearing on the defendant's motion to dismiss and memorandum in support thereof (doc. 7) and the plaintiff's opposition thereto and the parties being present by and through their counsel of record and the court having heard oral argument and considered the pleadings and briefs, the court finds as follows:

This action purports to assert claims on behalf plaintiff and all others who pay for the services they receive from defendant by bank draft and who have had said information allegedly sold without their consent by defendants to third parties. Complaint at ¶¶ 6-7. The plaintiffs assert this constitutes an invasion of privacy (Count I) and breach of fiduciary duty (Count II). The plaintiffs assert they were caused nominal damages by the alleged invasion of privacy. Complaint at ¶ 16. Plaintiffs also request all revenues defendant received from the sale of this information and injunctive relief.[1] Complaint at ¶ 21 and ¶ 3 of requested

---

[1] The court notes that the plaintiffs make a reference to punitive damages in the section of their complaint entitled "Class Action Allegations." Complaint at ¶ 23. The plaintiffs did not request such damages within either of their substantive counts, in the section stating the specific relief they request, in their response to the defendant's motion to dismiss, or during oral

relief. The defendant filed a motion to dismiss for lack of subject matter jurisdiction, or, in the alternative, motion to dismiss or transfer based on forum selection clause, and incorporated memorandum in support (doc. 7).

This action was brought pursuant to diversity jurisdiction, 28 U.S.C. § 1332, alleging that the named plaintiffs are residents of Alabama and that the defendant is a foreign corporation.[2]  Complaint at ¶ 1-2.  The plaintiff further alleges that the amount in controversy exceeds $75,000.000.[3]  Complaint at ¶ 4.

Section 28 U.S.C. § 1332 requires complete diversity between all parties and all defendants and that the controversy in question involve more than $75,000.00, exclusive of interest and costs.  See 28 U.S.C. § 1332 and 1441(b)("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"); see also Smith v. GTE Corp., 236 F.3d 1292 (11th Cir.2001). The plaintiffs concede that their only basis for federal jurisdiction under the above statute would result from aggregation of the value of their requested injunctive relief to all class members.  Plaintiffs' response at 2.

---

argument. As such, the court does not address whether punitive damages could feasibly create jurisdiction in this court as the court concludes the plaintiff does not seek to recover such damages. Of course, even if the plaintiffs had requested such relief, such damages could not be aggregated for the class members to establish jurisdiction. See Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir.2000); Lindsey v. Alabama Tel. Co., 576 F.2d 593 (5th Cir.1978).

[2]As fictitious party pleading is not allowed in federal court, the court shall ignore the possible residency of fictitious parties A-L, erroneously included by the plaintiff in the complaint.

[3]The court assumes such pleading meant to state that the amount in controversy exceeds $75,000.00 *exclusive of interest and costs.*  See 28 U.S.C. § 1332(a).

The Eleventh Circuit has recently examined the question of aggregation of claims in a class action for jurisdictional purposes. In *Smith v. GTE Corporation*, where neither party challenged federal court jurisdiction, the court still held that, because federal courts are powerless to act beyond the statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case and should itself raise the question of subject matter jurisdiction when a doubt about jurisdiction arises. *Id*. at 1299; citing *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir.1985) ("A federal court not only has the power but also the obligation ... to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises"); *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1261 (11th Cir.2000) ("It is this latter requirement – an amount in controversy exceeding $75,000 – that poses the jurisdictional hurdle in this case. This is true even though the defendants do not dispute that this case involves the requisite amount in controversy for diversity jurisdiction").

This court notes from the face of the complaint, as well as the defendant's motion to dismiss, a high improbability that diversity jurisdiction exists in this matter. The plaintiffs concede that they have suffered only nominal damages. Rather, in response to the defendant's motion to dismiss, the plaintiffs argue that the proposed class may aggregate its injunctive relief claims to meet the jurisdictional minimum requirement. The plaintiffs' request a preliminary and permanent injunction to prevent the defendant from engaging in "the practices alleged in the Complaint." Given this request, the court finds the plaintiffs' attempt to aggregate the value of injunctive relief to satisfy the jurisdictional minimum must

fail. "For amount in controversy purposes, the value of injunctive relief ... is 'the value of the object of the litigation' measured from the plaintiff's perspective." *Morrison*, 228 F.3d at 1268; citing *Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elecs., Inc.*, 120 F.3d 216, 218-20 (11th Cir. 1997). A plaintiff "who bases diversity jurisdiction on the value of the injunctive relief must show that the benefit to be obtained from the injunction is 'sufficiently measurable and certain to satisfy the ... amount in controversy requirement.'" *Morrison,* 228 F.3d at 1269, citing *Ericsson*, 120 F.3d at 221. The plaintiffs here fail to mention any amount at all that the injunction would be worth, any means by which to calculate that worth, or any other basis for this court to determine that injunctive relief may feasiblely be worth more than $75,000.000.[4] This is the exact type of speculation in which this court may not engage.[5]

In *Smith v. GTE Corporation*, the court found that the monetary value of the injunction to the plaintiffs was future lease charges that the plaintiffs could avoid. 236 F.3d at 1309. Borrowing this evaluation, at most, the value of this injunction would be the lack of third parties being able to purchase information from one source that the plaintiffs have

---

[4]The plaintiffs do recognize that rights arising from individual contracts may not be aggregated. However, the plaintiffs assert that they "are seeking nothing under their contracts.... While it is true that each class member has a contract with AOL ... the cause of action here does not arise from those contracts." Plaintiff's memorandum at 3. Thus, although this case clearly concerns the use of information provided pursuant to those contracts, this court does not consider the value of the contracts or the services provided under those contracts in evaluating the plaintiffs' claim for injunctive relief.

[5]The court has considered the interesting question, given the plaintiffs' claim for invasion of privacy, and their argument at hearing that they seek injunctive relief to the undivided group as a whole, of whether a group can have its privacy invaded. Unfortunately, the court does not reach this question in ruling on the motion pending before it.

willing provided to the defendant.[6] Because of the widespread availability of information in today's "information age," the court finds the value of preventing the dissemination from one particular source to be negligible. Clearly, for any class member this amount would be under $75,000.00.

To allow aggregation in these circumstances depends on the rights asserted by the plaintiffs and not the type of relief sought. *See Smith*, 236 F.3d at 1309; citing *Morrison*, 228 F.3d at 1271. Aggregation is permissible only when the multiple plaintiffs seek to "enforce a single title or right, in which they have a common and undivided interest." *Smith*, 236 F.3d at 1309; citing *Zahn v. International Paper Co.*, 414 U.S. 291, 294, 94 S.Ct. 505, 508, 38 L.Ed.2d 511 (1974). In this case, the requested injunction would protect the right of the class members to not have information they provided pursuant to each of their individual contracts with the defendant sold to third parties. These rights are separate and distinct for each member of the class. *See e.g., Smith*, 236 F.3d at 1309; citing *Oliver v. Alexander*, 31 U.S. (6 Pet.) 143, 145-48, 8 L.Ed. 349 (1832).

The court finds claims for invasion of privacy and breach of fiduciary duty are wholly individual claims, unique to each proposed class member. When an injunction protects rights that are separate and distinct among the plaintiffs, the value of the injunction may not be aggregated. *Morrison*, 228 F.3d at 1271. Given the types of claims the plaintiffs have alleged, the court finds the plaintiffs would each benefit to the extent the injunction

---

[6]The court is cognizant of the fact that numerous organizations, from credit card companies to department stores and philanthropic organizations to the Board of Registrars sell lists of information about people.

prevented a third party from making an unwanted offer or solicitation to them, or otherwise used the information in dispute. The court does not know how to fix the value of not receiving unwanted solicitations and the plaintiff makes no suggestions. Apparent to the court however, are the following: 1) The value of the requested injunction to each plaintiff is not the type in which plaintiffs would have an undivided interest and 2) the value of not receiving unwanted solicitations based on information obtained from only one source has a value far less than $75,000.00 per person.

In consideration of all of the foregoing, this court finds no basis for jurisdiction under 28 U.S.C. § 1332. Because this court finds that it lacks jurisdiction over this case, the court does not delve into the defendant's argument that forum selection clause contained in the contract plaintiffs entered when they subscribed to defendant's services requires plaintiffs to bring this case in Virginia. Defendant's memorandum at 8.

In consideration of the foregoing, it is **ORDERED** by the court that the plaintiff's complaint be and hereby is **DISMISSED WITHOUT PREJUDICE** for refiling in a more appropriate forum.

**DONE** this the _2_ day of May, 2001.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE